**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD JAMES BARBER,<br><br>Plaintiff,<br><br>v.<br><br>SGT. STASSER, *et al.*,<br><br>Defendants. | Civil Action No. 16-4710 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of a motion to vacate the Clerk's entry of default, which motion was filed by Defendants Edith Feldman, R.N. and Rosalind Gratts, L.P.N. (the "Nursing Defendants"), pursuant to Federal Rule of Civil Procedure 55(c). (ECF No. 26). Plaintiff has not opposed this motion. The Court, having reviewed the pending motion to vacate, and for good cause shown, will grant the Nursing Defendants' motion to vacate the entry of default.

*Pro se* Plaintiff Ronald James Barber filed the pending action on or about July 23, 2016. (ECF No. 1).[1] In short, Plaintiff seeks damages from the Nursing Defendants based upon their alleged deliberate indifference to a medical crisis that he experienced while a resident at the Special Treatment Unit of the East Jersey State Prison in Avenel, New Jersey. (*See* ECF No. 1, Complaint at 19). After the Nursing Defendants failed to timely answer or otherwise respond to the Complaint, Plaintiff filed a "notice of motion for default and judgment of default" against the Moving Defendants. (ECF No. 20). The Clerk of Court entered default against the Moving

---

[1] Plaintiff's Complaint is dated July 23, 2016; however, the Complaint was not filed on the electronic docket on August 4, 2016. (ECF No. 1 at 1).

Defendants on December 19, 2016, for their failure to plead or otherwise respond to the Complaint.

On January 17, 2017, the undersigned issued an Order denying Plaintiff's motion for the entry of default judgment without prejudice to the refiling of same at a later date. (ECF No. 21). Specifically, the Court noted that entry of judgment against the Nursing Defendants would have been premature at that stage of the litigation. Several months later, on June 9, 2016, the Nursing Defendants filed the pending motion to vacate the Clerk's entry of default. (ECF No. 26). Plaintiff has not timely opposed the Moving Defendants' motion, and that motion is now ripe for the Court's adjudication.

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The Third Circuit expressly disfavors default judgments, preferring that cases be adjudicated on their merits. *See, e.g.*, *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Moreover, adjudication of a motion to set aside default "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984); *see also Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). That said, Courts considering a motion to vacate the entry of default consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *United States v. $55,518.05 in US. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *see also Getty Petroleum Marketing, Inc. v. Saini*, No. 05-4732, 2007 WL 465451, at *2 (D.N.J. Feb.7, 2007). In this case, the Court finds that the above factors militate in the Moving Defendants' favor.

As to the first factor, there is no indication before the Court that Plaintiff would be prejudiced in any meaningful way by having his case decided on the merits. This is particularly

the case where the Court denied Plaintiff's motion for the entry of default judgment as to the Nursing Defendants, noting that the motion was premature at such an early stage of the litigation.

Second, the Court is satisfied that the Nursing Defendants have set forth meritorious defenses to the claims asserted against them. Here, Plaintiff seeks damages from the Nursing Defendants based upon their alleged deliberate indifference to a medical crisis that he experienced while a resident at the Special Treatment Unit of the East Jersey State Prison in Avenel, New Jersey. (*See* ECF No. 1, Complaint at 19). In defense of these allegations, the Nursing Defendants will argue that Plaintiff's claims sounding in medical malpractice and/or professional negligence are not properly brought under 42 U.S.C. § 1983. (Defs.' Br. at 4) (citing cases). Additionally, the Nursing Defendants will argue that "to the extent that certain claims against the [N]ursing [D]efendants sound in tort, particularly medical malpractice and/or professional negligence, those claims must be dismissed because Plaintiff failed to file a timely notice of claim against the nursing defendants at all applicable times," in contravention of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8(a). (Id.). At this early stage in the litigation, the Court finds these defenses worthy of further exploration.

With respect to the final factor of the Rule 55(c) analysis—the defendant's culpability in the delay—the Court finds that this factor weighs in favor of the Nursing Defendants. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984); *see also Paris v. Pennsauken Sch. Dist.*, 12-cv-7355, 2013 WL 4047638 (D.N.J. Aug. 9, 2013) (citations omitted); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987). Here, the Nursing Defendants have advised the Court that the delay was attributable to their inability to retain counsel. (Defs.' Br. at 5). While the Court would have appreciated a more detailed explanation as to the Nursing

3

Defendants' attempts and inability to timely retain counsel, the Court declines to find that the delay was the result of "flagrant bad faith." *Emcasco Inc.*, 834 F.2d at 75. Accordingly, this factor militates in the Nursing Defendants' favor.

In summary, the Court has reviewed the Nursing Defendants' unopposed motion to vacate the Clerk's entry of default, and finds that good cause exists to grant the Nursing Defendants their requested relief. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: July 18, 2017

Hon. Jose L. Linares
Chief United States District Judge