**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| |
|---|
| RONALD JAMES BARBER, |
| Plaintiff, |
| v. |
| SGT. STASSER, *et al.*, |
| Defendants. |

Civil Action No. 16-4710 (JLL)

**OPINION**

**LINARES**, Chief District Judge.

This matter comes before the Court by way of a motion to dismiss this action, which motion was filed by Defendants Edith Feldman, R.N. ("Nurse Feldman") and Rosalind Gratts, L.P.N. ("Nurse Gratts") (collectively, the "Nursing Defendants"). (ECF No. 29). *Pro se* Plaintiff, Ronald James Barber, has not timely opposed the Nursing Defendants' motion to dismiss. The Court decides this motion on the papers and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Nursing Defendants' motion to dismiss is denied.

**I.    Background**

Plaintiff, Ronald James Barber, is an inmate presently confined at the East Jersey State Prison, Special Treatment Unit, in Avenel, New Jersey. (ECF No. 1, "Compl." at 3). On August 2, 2016, Plaintiff filed a complaint in this matter against a number of Defendants associated with the Prison, based upon an incident that occurred in the Prison on June 28, 2016. Specifically, Plaintiff alleges that on that date, at about 6:40 a.m., Plaintiff was "assigned to serve the North Unit breakfast." (Compl. at 12). According to Plaintiff, while he was serving breakfast, a "resident

1

started arguing and threatening [Plaintiff's] physical being because [Plaintiff] didn't give him extra portions." (Id.). Plaintiff alleges that certain Corrections Officers witnessed the argument, but did not intervene. (Id.).

According to the Complaint, at 7:10 a.m. that same morning, the resident who argued with Plaintiff about the extra breakfast portions "threw an extremely hot substance on [Plaintiff]." (Id.). Thereafter, Plaintiff began taking his clothes off and yelling out, at which point a code was called and Plaintiff was handcuffed and taken to medical. (Id.). Plaintiff alleges that "Nurse – [Feldman] and 2nd Shift Nurse-[Gratts] overlooked [his] skin bubbling." (Id.). According to Plaintiff, Nurse Feldman overlooked his skin bubbling "even though she . . . was told that the hot substance was scalding hot water, mixed with bleach." (Id. at 13). Plaintiff maintains that as a result of the Nursing Defendants overlooking his burns, he was placed back in lockup without further medical attention for approximately 11.5 hours. (Id. at 12-13).

On the evening of June 28, 2016, Plaintiff was admitted to Robert Wood Johnson Hospital for his burns, and was then transferred to Saint Barnabas Hospital. (Id. at 13-14). According to Plaintiff, a doctor advised him that he had third degree burns on his face, neck, cheek and back. (Id. at 15). As treatment for his burns, Plaintiff was placed in a hydrotherapy tank and received pain medication. Plaintiff alleges that he returned to the Prison on July 14, 2016. (Id.). Plaintiff further alleges that even though Saint Barnabas prescribed him pain medication for his burns, the medical unit of the Prison took him off the prescribed medication and gave him Tylenol instead, explaining that the prescription medication was not within the Prison's budget. (Id. at 15-17). The Complaint further alleges that the medical unit at the Prison failed to change the dressing on Plaintiff's burns for a week. (Id.). Plaintiff pleads that he continued to suffer from severe pain while at the prison because he was not given the prescribed pain medication. (Id. at 17-18).

As to Nurse Feldman in particular, Plaintiff alleges that this Nurse is liable for "not giving [him] proper medical attention [and thereby] causing [his] burns to elevate to 3rd degree burns" and for "telling the D.O.C. that [Plaintiff] was ok, when [he] wasn't and refus[ing] to acknowledge the pain [Plaintiff] was in." (Id. at 7). As to Nurse Gratts, Plaintiff alleges that she "overlooked [his] skin bubbling up when rounds [were] made in lock up" and "refused to write a report letting the higher ups know of [his] skin peeling off." (Id. at 8).

Against this backdrop, Plaintiff filed the instant action on or about August 2, 2016, asserting claims against a number of Defendants associated with the Prison, including the Nursing Defendants, pursuant to. 42 U.S.C. § 1983. On August 1, 2017, the Nursing Defendants moved to dismiss Plaintiff's Complaint. (ECF No. 29, "Defs.' Br."). The Nursing Defendants contend that Plaintiff's claims under Section 1983 must be dismissed because they fail to state a claim under that statute and that, to the extent Plaintiff is asserting tort claims against the Nursing Defendants, those claims are barred by Plaintiff's failure to file a timely notice of claim against the Nursing Defendants under the New Jersey Tort Claims Act.[1] Plaintiff has not timely opposed the Nursing Defendants' motion. Notwithstanding Plaintiff's failure to oppose this motion, the Court finds that the denial of said motion is warranted at this stage of the litigation.

## II.     Legal Standards

The Court is guided by the following standards in resolving the Nursing Defendants' motion to dismiss.

### A. Rule 12(b)(6)

---

[1] Because the Court construes Plaintiff's complaint as asserting a claim against the Nursing Defendants under 42 U.S.C. § 1983, rather than a claim for medical malpractice and/or medical negligence, the Court need not consider the Nursing Defendants' argument that any claims sounding in tort are barred under the New Jersey Tort Claims Act.

3

It is not necessary for the Court to restate the standard for resolving a motion made pursuant to Rule 12(b)(6), because that standard has been already enunciated. *See Mariotti v. Mariotti Bldg. Prods.*, Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (setting forth the standard; citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; citing *Twombly and Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### B. Unopposed Motion to Dismiss

Plaintiff has not opposed the pending motion to dismiss his Complaint. However, the Court must still address said motion on the merits even though it is unopposed. *See Jones v. Unemployment Compensation Bd. of Review*, 381 Fed.Appx. 187, 189 (3d Cir. 2010); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

### C. Liberal Construction of *Pro Se* Pleadings

The Court, in addressing the instant motion: (1) construed the *Pro se* Plaintiff's claims liberally; and (2) accepted all of Plaintiff's factual allegations as true, construed the claims in the light most favorable to the plaintiff, and considered whether Plaintiff may be entitled to relief in federal court under any reasonable reading of those claims. *See Kissell v. Dep't of Corrs.*, 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing *Iqbal, Twombly, Erickson v. Pardus*, 551 U.S. 89 (2007), and *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)).

### D. 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen

> of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to establish a cause of action under Section 1983, a plaintiff must demonstrate that: (1) there was a violation of a right secured by the Constitution and laws of the United States, and (2) the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

### III. Discussion

In this case, Plaintiff relies upon 42 U.S.C. § 1983 as a basis for this Court's subject matter jurisdiction. (Compl. at 2). Although Plaintiff, a *Pro se* litigant, has not specifically identified the causes of action he seeks to assert against each of the named Defendants, the court construe's Plaintiff's allegations of "deliberate indifference" to his medical needs (Compl. at 14,18) as asserting a violation of his Eight Amendment right to be free from "cruel and unusual punishment."

"The Eight Amendment prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). As such, prison officials are required "to provide basic medical treatment to those whom [are] incarcerated." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Thus, to state a claim for an Eight Amendment violation under Section 1983, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *see also Rouse*, 182 F.3d at 197.

Here, the Nursing Defendants argue that Plaintiff has failed to plead that they were deliberately indifferent to Plaintiff's medical needs—a standard that, as the Nursing Defendants note, requires more than medical negligence and/or medical malpractice. (Defs.' Br. at 5-6).

5

Specifically, the Nursing Defendants contend that Plaintiff's allegations that they did not provide "proper" medical care and "overlooked" his injuries sound in tort claims of medical negligence and/or malpractice rather than a claim for an Eight Amendment violation. (Id.). The Court disagrees.

Reviewing Plaintiff's Complaint in its totality, and construing that Complaint liberally as the Court must in the case of a *Pro se* Plaintiff, the Court finds that at this early stage in the litigation, Plaintiff has sufficiently plead a claim against the Nursing Defendants for deliberate indifference to his serious medical needs. In summary, Plaintiff has alleged that the Nursing Defendants disregarded the fact that his skin was bubbling up from burns, therefore allowing Plaintiff to remain in lockup without necessary medical treatment for over eleven hours. Further, Plaintiff has alleged that the Nursing Defendants were aware of his burns at the time that they failed to act. As the Supreme Court has noted, a plaintiff can satisfy the deliberate indifference standard where the prison "official acted or failed to act despite [her] knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Plaintiff has pled as such.

**IV. Conclusion**

For the reasons stated herein, the Nursing Defendants' motion to dismiss Plaintiff's Complaint (ECF No. 29) is denied. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: August 29, 2017

JOSE L. LINARES
CHIEF JUDGE, U.S. DISTRICT COURT